FILED

July 6, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:32 PM



# COURT OF WORKERS' COMPENSATION CLAIMS
## BUREAU OF WORKERS' COMPENSATION
## AT MURFREESBORO

| | |
|---|---|
| **Rosemary Boyd** | **Docket No.: 2015-06-0257** |
| **Employee,** | |
| **v.** | **State File No.: 72453-2014** |
| | |
| **Hewlett Packard Co.** | **Date of Injury: August 18, 2014** |
| **Employer,** | |
| **And** | **Judge: Dale Tipps** |
| | |
| **Old Republic Ins. Co.** | |
| **Insurance Carrier.** | |

---

## EXPEDITED HEARING ORDER
## (RECORD REVIEW ONLY)

---

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed on June 10, 2015, by Rosemary Boyd, pursuant to Tennessee Code Annotated section 50-6-239. Ms. Boyd requested that the Court render its decision based on a review of the case file. Hewlett Packard Co. did not object to this request. Upon review of the file, the Court finds that Ms. Boyd is not entitled to the requested temporary disability or medical benefits.

### Issues

*Whether Ms. Boyd sustained an injury on August 18, 2014, arising primarily out of and in the course and scope of her employment with Hewlett Packard; and*

*If so, whether Ms. Boyd is entitled to medical and/ or temporary disability benefits.*

### Evidence Submitted

The Court designates the following documents as the Technical Record:

1

- Petition for Benefit Determination (PBD), filed March 23, 2015
- Dispute Certification Notice (DCN), filed May 13, 2015
- Request for Expedited Hearing (REH), filed June 10, 2015.

The Court reviewed the following documents in reaching its decision and designates the following documents as Exhibits for ease of reference by the Court:

Exh. 1    Affidavit of Michael Fisher[1]
Exh. 2    Affidavit of Dr. Brandon Downs
Exh. 3    C-23 Notice of Denial of Claim
Exh. 4    November 9, 2014, letter from Janet Villani
Exh. 5    January 16, 2015, letter to Dr. Brandon Downs
Exh. 6    Medical Records from Premier Orthopedics[2]
Exh. 7    Medical Records from Concentra Medical Centers
Exh. 8    Account Information Report from Premier Orthopaedics.

**History of Claim**

Ms. Boyd worked as a clerk for Hewlett Packard and allegedly injured her right shoulder in the course and scope of her work on August 18, 2014. *See* PBD. Ms. Boyd had prior problems with her shoulder and underwent a right shoulder arthroscopy with rotator cuff repair, subacromial decompression, distal clavical excision, and limited debridement on June 20, 2014. She returned to her surgeon, Dr. Downs, on August 26, 2014, reporting persistent pain since an incident of burning pain in the posterior shoulder on August 11, 2014. Dr. Downs assessed right impingement syndrome, bursitis/tenosynovitis, and rotator cuff sprain/tear. He assigned a five (5) pound lifting restriction and recommended an MRI. *See* Exhibit 6 at pp. 1-2.

Ms. Boyd returned to Dr. Downs on August 28, 2014. He noted that the MRI indicated recurrent tearing of the right rotator cuff with extension of tearing to the supraspinatus tendon. He also noted that Ms. Boyd had increased symptoms after a post-operative injury. He recommended revision rotator cuff repair and assigned restrictions of four hours of work per day with no right shoulder lifting. *Id.* at pp. 7-9. Ms. Boyd continued to treat with Dr. Downs, but delayed surgery while she awaited approval from Hewlett Packard's workers' compensation carrier. Dr. Downs performed a steroid

---

[1] Mr. Fisher is Ms. Boyd's attorney. As there is no indication he intends to be a witness in this matter, the Court considers the statements made in Mr. Fisher's affidavit to be allegations. The Court is not relying on the statements contained in the affidavit in determining whether Ms. Boyd is entitled to workers' compensation benefits.

[2] The Court numbered the medical records included in these exhibits, as counsel for Hewlett Packard failed to comply with Rule 0800-02-21-.16(6), which provides: "All medical records, exceeding ten (10) pages, must be accompanied by a chronological table of contents, identifying the medical provider, date, and numbered as in the table of contents."

injection on September 19, 2014, but Ms. Boyd reported minimal improvement. Her last visit with Dr. Downs took place on October 3, 2014. *Id.* at pp. 11-20.

While she was treating with Dr. Downs, Ms. Boyd also went to Concentra Medical Centers (Concentra) on September 12, 2014, complaining of shoulder pain that started while she was using the computer. She reported, "I was keying claims and reached for the F-6 button and felt something like a split in my right shoulder with burning and pain that followed." Her history noted that she had rotator cuff repair in December 2013, and again in June 2014. Ms. Boyd stated that she was scheduled for surgery, but she came to Concentra through her workers' compensation claim. Dr. Saritha Reddy examined Ms. Boyd and diagnosed shoulder strain. She noted Ms. Boyd needed an orthopedic referral, but she felt "this reported condition is unlikely work related." She instructed Ms. Boyd to continue following her orthopedist's restrictions. *See* Exhibit 7 at pp. 2-4. Ms. Boyd returned to Concentra and saw Dr. Fatimah Syed on September 16, 2014, and September 25, 2014. Dr. Syed assessed a rotator cuff tear and stated, "Mechanism of injury does not support rotator cuff tear. Patient has preexisting condition in the same shoulder and has a history of previous recurrent rotator cuff injury and tear." *Id.* at pp. 10-17.

Hewlett Packard filed a Notice of Denial on November 9, 2014, asserting that Ms. Boyd's injury did not arise out of and in the course of her employment. *See* Exhibit 3.

In a letter dated January 16, 2015, Ms. Boyd's attorney asked Dr. Downs whether her "right shoulder injury arose primarily out of the scope and course of her employment." The letter contains a checkmark in the "Yes" response and Dr. Downs' signature. *See* Exhibit 5. Ms. Boyd also submitted a document titled "Affidavit of Dr. Brandon Downs." The document bears Dr. Downs' signature but is not dated or notarized. It states that Dr. Downs treated Ms. Boyd "for a work-related injury sustained to her right shoulder on or about August 18, 2014." He opined that Ms. Boyd was involved in a work accident on August 18, 2014, "that primarily resulted in an injury to her right shoulder," that the injury resulted in an anatomical change or progression of pre-existing symptoms, and that Ms. Boyd needs additional treatment. *See* Exhibit 2.

### Ms. Boyd's Contentions

Ms. Boyd contends that she is entitled to medical and temporary disability benefits as a result of a work related injury. Specifically, she argues that she suffered a rotator cuff tear while using a computer keyboard in the course of her work for Hewlett Packard. She acknowledges that she had a prior injury for which she underwent rotator cuff surgery in December 2013, and June 2014, but she contends she was working within her medical restrictions when she reinjured the shoulder on August 18, 2014. Ms. Boyd relies on Dr. Downs' affidavit that she suffered an anatomical change to her shoulder that arose primarily out of and in the course and scope of her employment.

In addition to medical treatment, Ms. Boyd seeks temporary partial disability (TPD) benefits from the date of the injury until she was laid off on March 13, 2015. She contends she is also entitled to ongoing temporary total disability (TTD) benefits beginning on March 14, 2015.

## Hewlitt Packard's Contentions

Hewlett Packard contends that Ms. Boyd is not entitled to any workers' compensation benefits. It relies on the opinions of Dr. Reddy and Dr. Syed that Ms. Boyd's shoulder injury was not work related.

## Findings of Fact and Conclusions of Law

### Standard Applied

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). At an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence in order to be eligible for benefits. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk Comp App Bd LEXIS 6, *7-8, 9 (Tenn. Workers' Comp. App. Bd. March 27, 2015); *cf. McCall v. Nat'l Health Corp.*, 100 S.W.3d 209, 214 (Tenn. 2003). Instead, an employee must come forward with sufficient evidence from which the trial judge could conclude that the employee is likely to prevail at a hearing on the merits. *Id.*

### Factual Findings

Ms. Boyd suffered from preexisting right shoulder problems, for which she underwent rotator cuff surgery in December 2013 and again in June 2014. She began experiencing additional pain in her right shoulder in August 2014. Ms. Boyd sought unauthorized care from her prior surgeon, Dr. Downs, and he diagnosed a recurrent rotator cuff tear. Hewlett Packard provided authorized treatment from Concentra, but later denied the claim on November 9, 2014.

### Application of Law to Facts

*Whether Ms. Boyd sustained an injury on August 18, 2014 arising primarily out of and in the course and scope of employment with Hewlett Packard.*

The Tennessee Workers' Compensation Act defines "injury" and "personal injury" as an injury by accident,… arising primarily out of and in the course and scope of

employment, that causes death, disablement or the need for medical treatment of the employee; provided, that:

(A) An injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence, and shall not include the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment;

(B) An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes;

(C) An injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes;

(D) "Shown to a reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility;

(E) The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence.

Tenn. Code Ann. § 50-6-102(13) (2014).

The submitted medical records show that three physicians addressed causation: Dr. Downs, Dr. Reddy, and Dr. Syed. The Concentra physicians, Dr. Reddy and Dr. Syed, were authorized providers, and the PBD filed by Ms. Boyd indicates that she selected Concentra from a panel of physicians offered by Hewlett Packard.[3] Because these doctors were panel selections, the opinions of the Concentra physicians are entitled to the presumption of correctness on the issue of causation, pursuant to subsection (E) above. Those opinions are, "this reported condition is unlikely work related" and "[m]echanism of injury does not support rotator cuff tear."

---

[3] The PBD also indicates that Dr. Downs was the physician selected from the panel, but this appears to be an error. The medical records show that Ms. Boyd returned to her original surgeon, Dr. Downs, before Hewlett Packard began providing authorized treatment through Concentra.

5

In *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991), the Tennessee Supreme Court provided several factors for consideration in cases of conflicting medical opinions courts, including "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." Dr. Downs' affidavit states that he is a board-certified orthopedic physician, but it says nothing else about his qualifications. The parties submitted no proof at all regarding the qualifications of Dr. Syed or Dr. Reddy. The almost total lack of information makes an evaluation of the physicians' relative qualifications impossible. As to the other factors, all three doctors examined and treated Ms. Boyd following the accident, in roughly the same time period, and there is general agreement on the diagnosis. The only difference is Dr. Downs' opinion that Ms. Boyd sustained a work-related injury to her right shoulder that resulted in an anatomical change or progression of pre-existing symptoms. Dr. Downs, however, did not provide any explanation as to how he reached this conclusion. In the absence of any supporting explanation of how Ms. Boyd tore her rotator cuff while typing on a keyboard, the Court finds that Dr. Downs' statement is insufficient to rebut the presumption of correctness of the authorized physicians' opinions at this time. Therefore, Ms. Boyd has not demonstrated that she is likely to prevail at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Boyd's claim against Hewlett-Packard or its workers' compensation carrier for the requested medical and temporary disability benefits is denied at this time.

2. This matter is set for Initial Hearing on September 3, 2015, at 10:00 a.m.

3. **ENTERED this the 6th day of July, 2015.**

_____
**DALE TIPPS**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Dale Tipps, Court of Workers' Compensation. You must call 615-741-2112 or toll free at 855-874-0437 to participate in the Initial Hearing.

Please Note: You must call in on the scheduled date/time to participate. Failure to

call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten (10) calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten (10) calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The Judge must approve the statement of the evidence before the Court Clerk may submit the record to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in

support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 6th day of July, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Michael Fisher | | | X | mfisher@ddzlaw.com |
| Janet Villani | | | X | Janet.villani@sedgwickcms.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

8